PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN MOORE, | ) | |
| | ) | CASE NO.  4:12CV0348 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Jonathan Moore filed this *Bivens*[1] action against Defendants United States

of America, Federal Bureau of Prisons Director Henry G. Lappin, Federal Correctional

Institution (FCI) Elkton Warden Robert Farley, and Unknown Nurses Nos. 1 and 2 of the FCI

Elkton Medical Department.  In his Amended Complaint (ECF No. 4), Plaintiff alleges

Defendants created a dangerous condition of confinement by failing to provide ladders for the

bunk beds in the Special Housing Unit.  He also alleges he has been denied appropriate medical

care.  Plaintiff seeks monetary and injunctive relief.

## I.  Background

Plaintiff was a federal inmate incarcerated at FCI Elkton in Lisbon, Ohio at all times relevant

to this action.[2]  He states that, on August 5, 2010, he was placed in the Special Housing Unit for a

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.
388 (1971) provides federal inmates and detainees with a cause of action analogous to §
1983.

[2] Plaintiff is currently incarcerated in Dillwyn Correctional Center, a Virginia
state facility.

(4:12CV0348)

conduct violation.  Plaintiff alleges he was forced to sleep in the top bunk and that his cell did not contain a ladder for him to use to climb in and out of bed.  ECF No. 4 at 2-3.  On August 20, 2010, while still housed in the Special Housing Unit, Plaintiff states he fell from the top bunk while attempting to climb from the bed to the floor.  ECF No. 4 at 3.  He maintains he injured "the [lower] region of his spine as a result of falling on his tailbone."  ECF No. 4 at 3.

After he fell, Plaintiff alleges he was "in such pain that for the first few days after the injury he didn't take showers and rarely got out of the bed except to use the toilet, because his back was hurting so much that he couldn't reach his feet."  ECF No. 4 at 4.  He filed a form asking to be seen at Sick Call and was seen two days later by Defendant Unknown Nurse No. 1.  Plaintiff asserts the nurse instructed him to buy Ibuprofen from the commissary, but did nothing further.  ECF No. 4 at 4.  Plaintiff thereafter sent another request to be seen at Sick Call.  Another two days passed before he was seen by a nurse.  According to Plaintiff, this nurse (Defendant Unknown Nurse No. 2) told him that all he needed was rest.  ECF No. 4 at 4.

Plaintiff alleges the failure to provide bunk bed ladders in the Special Housing Unit created a dangerous situation.  He states Defendant Farley was aware this Unit did not contain ladders and failed to do anything about it.  ECF No. 4 at 3 and 4.  Plaintiff claims that "[h]aving to find a makeshift way of climbing in and out of bed safely, while not aggravating the offender on the lower bunk, placed a mental and emotional hardship" on him.  ECF No. 4 at 3.  Plaintiff also asserts he received inadequate medical care after he injured his back climbing out of the bunk bed.  He asserts the Federal Bureau of Prisons is responsible because it failed "to train its officers in the proper fashion."  ECF No. 4 at 3.

2

(4:12CV0348)

On February 13, 2012, Plaintiff filed his original Complaint (ECF No. 1).  He thereafter filed an Amended Complaint (ECF No. 4) on March 14, 2012, because he was concerned that his signature on the original Complaint was not in the proper place and was not properly notarized.  ECF No. 4-1.  The Amended Complaint (ECF No. 4) corrected these defects, but did not otherwise change the substance of the original Complaint.  In the Amended Complaint (ECF No. 4), Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  He also alleges Defendants' failure to provide bunk bed ladders in the Special Housing Unit constitutes a dangerous condition of confinement.  He seeks monetary damages in the amount of $2,000,000 and injunctive relief in the form of an order requiring FCI Elkton to place ladders on the bunks in the Special Housing Unit.  ECF No. 4 at 5.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an

---

[3] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

(4:12CV0348)

indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

**A.    Proper Parties and Claims**

In the Amended Complaint, Plaintiff states causes of action against Defendant United States of America, and against Defendants Lappin, Farley, and Unknown Nurses Nos. 1 and 2 in both their official and individual capacities. ECF No. 4 at 2.

**1.    United States of America**

As an initial matter, the Court finds Plaintiff cannot assert a *Bivens* claim against Defendant United States of America. The United States, as a sovereign, cannot be sued without its prior

4

(4:12CV0348)

consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969). Even liberally construing Plaintiff's Amended Complaint, there is not a sufficient indication that the United States has waived its sovereign immunity with respect to Plaintiff's claims. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Accordingly, Plaintiff's Eighth Amendment claims against the United States are dismissed.

**2.      Official Capacity Claims**

Plaintiff's official capacity claims against Defendants Lappin, Farley and Unknown Nurses Nos. 1 and 2  must be dismissed as well. These claims are necessarily construed as claims against the Federal Bureau of Prisons and, thus, the United States. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Dotson v. Wilkinson*, 477 F.Supp.2d 838, 851-52 (N.D. Ohio 2007). Because claims against the United States are barred, as discussed above, Plaintiff's claims against these Defendants in their official capacities as agents of the Federal Bureau of Prisons (and, thus, the United States) are also subject to summary dismissal under § 1915(e).

In light of the above, the Court finds the only potential claims remaining in the Amended Complaint (ECF No. 4) are Plaintiff's Eighth Amendment claims against Defendants Farley, Lappin, and Unknown Nurses Nos. 1 and 2 in their individual capacities. The Court will now consider the merits of these claims.

5

(4:12CV0348)

**B.      Eighth Amendment**

Plaintiff alleges Defendants violated his Eighth Amendment rights by (1) denying him appropriate medical care after he fell from the top bunk, and (2) creating a dangerous environment by failing to install bunk bed ladders in the Special Housing Unit.  The Court will address each of these claims in turn.

**1.      Denial of Medical Care**

The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs.  *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Failure to provide medical care may rise to the level of a violation of the cruel and unusual punishment clause of the Eighth Amendment where objective and subjective requirements are met.  *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008).

To satisfy the objective component, the injury must be sufficiently serious.  *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (stating that Eighth Amendment is implicated by the "unnecessary *and* wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (requiring that the prisoner demonstrate more than "mere discomfort or inconvenience").  A serious medical need is "one that has been diagnosed by a physician as mandating treatment, *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore,* 390 F.3d at 897 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) (emphasis added)); *see also Harrison,* 539 F.3d at 518.

6

(4:12CV0348)

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Wilson*, 501 U.S. at 297. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *Farmer*, 511 U.S. at 837).

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs. He acknowledges he was seen by Defendants Unknown Nurses Nos. 1 and 2 after he fell, and advised to take Ibuprofen and rest. He asserts, however, that this was insufficient and that Defendants' refusal to give him a full medical examination to assess his injuries amounted to inadequate medical care. ECF No. 4 at 4. While he alleges he was experiencing a "serious level of pain" for several days after his fall (ECF No. 4 at 4), Plaintiff does not allege that he continues to be in pain or that his injury developed into a more serious condition.

The Court finds Plaintiff has failed to satisfy either the objective or subjective components of the deliberate indifference standard set forth above. Plaintiff acknowledges he was seen by prison medical staff on two occasions after his fall. He does not allege his pain and discomfort went wholly untreated, nor does he allege the pain continued for a significant length of time or that he developed a serious medical condition, either as a result of the fall or the alleged denial of medical care.

7

(4:12CV0348)

Moreover, Plaintiff failed to allege Defendants knew of and disregarded an excessive risk to his health as a result of his injury. Under these circumstances, the Court finds the Amended Complaint (ECF No. 4) fails to allege either a "substantial risk of serious harm," or that Defendants had a "sufficiently culpable state of mind." *See Farmer, 511 U.S. at 834*.

Accordingly, the Court finds Plaintiff's claim of deliberate indifference to his medical needs is subject to summary dismissal pursuant to § 1915(e).

### 2. Conditions of Confinement

Plaintiff also alleges that Defendants' failure to install bunk bed ladders in the Special Housing Unit created a dangerous condition of confinement that led to his injury. In the context of prison conditions, the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain." *Whitley v. Albers, 475 U.S. 312, 325 (1986)*. *See also Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004)*. To succeed in an Eighth Amendment challenge based on unsafe prison conditions, Plaintiff must establish that "(1) a single, identifiable necessity of civilized human existence is being denied (objective prong) and (2) the defendant prison official acted with a sufficiently culpable state of mind." *Hadix, 367 F.3d at 525*.

With respect to the objective prong, the Sixth Circuit has held that "[p]risoners have the right not to be subjected to [an] unreasonable threat of injury." *Hadix, 367 F.3d at 525* (quoting *Hoptowit v. Spellman, 753 F.2d 779, 783-84 (9th Cir. 1985)*). To satisfy this prong, "extreme deprivations are required," *Hudson v. McMillian, 503 U.S. 1, 9 (1992)*, and only deprivations denying "the minimal civilized measure of life's necessities" are grave enough to create a violation of the Eighth Amendment. *Rhodes v. Chapman, 452 U.S. 337, 347 (1981)*. Although the list is not exhaustive,

8

(4:12CV0348)

the Sixth Circuit has found that the minimal civilized measure of life's necessities includes food, clothing, shelter, medical treatment, and reasonable safety.  *See Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006); *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011).  Harsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation. *Hadix*, 367 F.3d at 525.

With respect to the subjective prong, there is no Eighth Amendment violation unless the defendant is "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists" and he or she draws "the inference." *Farmer*, 511 U.S. at 837.  Negligent exposure to a risk is not sufficient to create an Eighth Amendment violation.  *Id. See also Hadix*, 367 F.3d at 525.  Rather, deliberate indifference "can best be compared to criminal law's 'subjective recklessness.'" *Hadix*, 367 F.3d at 525 (quoting *Farmer*, 511 U.S. at 839-40).  *See also Barker*, 649 F.3d at 434.

Plaintiff alleges the failure to install bunk bed ladders in the Special Housing Unit created a dangerous situation whereby Plaintiff "had to climb from the bed to the table and then from the table to the floor" in order to climb in and out of bed.  ECF No. 4 at 3.  He maintains Defendant Farley "was well aware of the danger that the Plaintiff faced getting in and out of the top bunk" and did nothing to remedy this allegedly hazardous situation.  ECF No. 4 at 3.  Thus, Plaintiff argues Defendants demonstrated a deliberate indifference to his safety in violation of the Eighth Amendment.

The Court finds Plaintiff has failed to satisfy either the objective or subjective components of the deliberate indifference standard for conditions of confinement claims.  The failure to install

9

(4:12CV0348)

bunk bed ladders does not rise to the level of an "extreme deprivation" for purposes of demonstrating an Eighth Amendment violation. Moreover, Plaintiff fails to allege that any of the defendants acted with a sufficiently culpable mental state. At best, the failure to install ladders in the Special Housing Unit might amount to negligence. Plaintiff fails to set forth sufficient allegations suggesting that any of the defendants acted with the "subjective recklessness" required to demonstrate deliberate indifference under the Eighth Amendment.

Accordingly, the Court finds Plaintiff's Eighth Amendment conditions of confinement claim is subject to summary dismissal pursuant to § 1915(e).

**C.      Motion to Enter a Default Judgment**

On May 29, 2012, plaintiff filed a Motion to Enter a Default Judgment (ECF No. 6) in which he asserts that Defendants failed to plead or otherwise defend. The motion is denied because the record does not reflect that Defendants have been served with summons and a copy of the complaint due to the fact the Court has not ordered service of the complaint pending completion of this initial screening. Therefore, the time period for filing an answer or otherwise responding to the Amended Complaint (ECF No. 4) has not begun to run. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served with the summons and complaint). Accordingly, default judgment against Defendants is not appropriate.

**IV.  Conclusion**

For the reasons set forth above, Plaintiff's claims are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Plaintiff's Motion to Enter a Default Judgment (ECF No. 6) is denied. The

10

(4:12CV0348)

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.[4]


          IT IS SO ORDERED.


 June 26, 2012                              /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                           United States District Judge

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing
that it is not taken in good faith.

11